IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTIN CREDICO, | CIVIL ACTION |
| Plaintiff, | NO. 16-3726 |
| v. | |
| FDC PHILA MLP BOKHARI, FDC PHILA HHS CMDR BAKER, and FDC PHILA CMDR MURPHY, | |
| Defendants. | |

**MEMORANDUM OPINION**

Schmehl, J.     /s/ JLS                                                                    July 6, 2017

## I.     INTRODUCTION

On July 21, 2016, Plaintiff's request to proceed in forma pauperis was granted by this Court on his Eighth Amendment claim against Defendants Bokhari, Baker-Bartlett and Murphy only, and his Complaint was filed. All other claims contained in Plaintiff's Complaint were dismissed. Bokhari, Baker-Bartlett and Murphy are all health care providers at FDC-Philadelphia. In his Eighth Amendment claim, Plaintiff alleges that shortly before December 15, 2015, while incarcerated at FDC-Philadelphia, he filed a sick call with regard to bat bites that were causing him pain, itching, burning, numbness, and resulting scarring. (Compl., ¶4, p. 4 and ¶ A.2, p. 11.) Plaintiff alleges that he did not receive proper medical care for this condition. On March 20, 2017, Defendants filed a Motion to Dismiss Plaintiff's Complaint, or in the Alternative, for Summary Judgment, to which Plaintiff responded. For the reasons that follow, I will grant Defendants' Motion to Dismiss.

## II.     DEFENDANTS BAKER-BARTLETT AND MURPHY

Two of the defendants named in this complaint, Defendants Baker-Bartlett and Murphy, are Public Health Service Officers. This fact is fatal to Plaintiff's <u>Bivens</u> constitutional claims against these defendants since, as public health service officers, they are immune from personal liability pursuant to 42 U.S.C. § 233(a), which provides that the Federal Tort Claims Act is the exclusive avenue for relief for claims arising out of public health service employee conduct. As the United States Supreme Court has observed: "the immunity provided by § 233(a) precludes <u>Bivens</u> actions against individual PHS officers or employees for harms arising out of conduct described in that section." <u>Hui v. Castaneda</u>, 559 U.S. 799, 130 S.Ct. 1845 (2010). Therefore, Defendants Baker-Bartlett and Murphy are statutorily immune from <u>Bivens</u> constitutional liability in this case and should be dismissed.

## III.     DEFENDANT BOKHARI

Defendant Bokhari should also be dismissed from this matter as he is entitled to qualified immunity due to Plaintiff's failure to plead a constitutional violation. Qualified immunity protects federal defendants from personal liability for damages when their conduct does not violate a clearly established constitutional right of which a reasonable person would have known. <u>Bistrian v. Levi</u>, 696 F.3d 352, 366 (3d Cir. 2012). To establish a violation of his constitutional right to adequate medical care, an inmate is required to point to evidence that demonstrates (1) a serious medical need, and (2) acts or omissions by prison officials that indicate deliberate indifference to that need. <u>Rouse v. Plantier</u>, 182 F.3d 192, 197 (3d Cir.1999). Deliberate indifference to a serious medical need involves the "unnecessary and wanton infliction of pain." <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976).

Such indifference may be evidenced by an intentional refusal to provide care, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, denial of reasonable requests for treatment that results in suffering or risk of injury, Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir.1993), or "persistent conduct in the face of resultant pain and risk of permanent injury," White v. Napoleon, 897 F.2d 103, 109 (3d Cir.1990).

A medical need is serious if it is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Ranieri v. Byrne, 2017 WL 57007, *5 (E.D. Pa. Jan. 4, 2017), quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994). "The serious medical need element contemplates a condition of urgency, one that may produce death, degeneration or extreme pain." Miller v. Doe, 2016 WL 6780705, * 4 (M.D. Pa. Nov. 16, 2016) (citations omitted).

Plaintiff's Complaint alleges that he "has not received any medical care since the only time that Bokhari tried to prescribe cream from commissary back in and around June of 2015," that allegedly "didn't work." (Compl., ¶ 10, p. 11.) Plaintiff claims that he described to Bokhari the pain, redness, lesion and numbness from the bat bites, but that Bokhari told him to "get lost" and that there was "nothing he [could] do." (Compl., ¶A.3.) Plaintiff's Complaint states that he wanted treatment for his "post-exposure bat bites," but that a test for Lyme's disease was ordered instead. (Compl., ¶¶ A.3, 8, 9.) This is the extent of Plaintiff's allegations regarding the allegedly inadequate medical care that he received. Plaintiff has failed to plead facts that show that any federal defendant, including Bokhari, actually knew of a serious medical need or believed such a condition existed. Plaintiff's

allegations that he described his medical issue to Bokhari is insufficient to show that Bokhari knew that his condition was urgent, or could produce death, degeneration or extreme pain. In fact, Plaintiff actually concedes that his medical need was not serious, as he states "even if they aren't 'serious' the delay still meets the 8th amendment standard." (Compl., ¶B.2.) The facts, as currently pled by Plaintiff, do not give rise to a serious medical need.

In addition, Plaintiff fails to specify how Bokhari was responsible, or what he believes Bokhari should have done but failed to do. This is clearly insufficient to sustain a Bivens claim, which requires factual specificity as to what specific acts a federal defendant personally committed that violated Plaintiff's constitutional rights. Plaintiff has failed to plead that any defendant has violated his Eighth Amendment rights. The most that Plaintiff's Complaint contains are allegations that he disagreed with defendant's diagnosis and/or wanted some other treatment rather than the suggested "creams" and the Lyme's test. However, negligence, unsuccessful medical treatment, or medical malpractice does not state a claim, and an inmate's disagreement with treatment does not show deliberate indifference. Douglas v. Lanier, 2013 WL 4876078, *8 (M.D. Pa. Sept. 11, 2013). Clearly, Plaintiff has failed to plead a constitutional violation as he has failed to plead a serious medical need or deliberate indifferent by Bokhari.

The complaint in its current form fails to state a claim against Defendants Baker-Bartlett, Murphy and Bokhari upon which relief may be granted. Although these three defendants should be dismissed from this action, Plaintiff will be given one last final opportunity to file an amended complaint as to Defendant Bokhari only. I permit this amendment as to Bokhari only mindful of the fact that in civil rights cases pro se plaintiffs

often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see Fletcher–Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir.2007), unless granting further leave to amend is not necessary where amendment would be futile or result in undue delay, Alston v. Parker, 363 F.3d 229, 235 (3d Cir.2004). Accordingly, Plaintiff will be given one final opportunity to correct the deficiencies in his complaint as to Defendant Bokhari only. I will dismiss this deficient complaint as to Defendants Baker-Bartlett and Murphy with prejudice as they are immune from suit in this matter, but without prejudice as to Defendant Bokhari. Plaintiff may file an amended complaint as to Defendant Bokhari only if he can do so in compliance with the Federal Rules of Civil Procedure.

## IV. CONCLUSION

Accordingly, Plaintiff's Complaint is dismissed with prejudice as to Defendants Baker-Bartlett and Murphy and without prejudice as to Defendant Bokhari.[1]

---

[1] Plaintiff has filed a" Cross-Motion for Summary Judgment," but as I have granted Defendants' Motion to Dismiss and dismissed Plaintiff's Complaint, I do not need to address Plaintiff's summary judgment motion. However, if I did address the motion, I would deny it for the reasons contained in this opinion.